

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 6, 1961

Mr. Ellis A. Oualline, Jr.
County Attorney of Montgomery County
Conroe, Texas

Opinion No. WW-1004

Re: Whether Commissioners'
Court may require gas
pipe line company to
move or lower its pipe
lines which are now in,
along, or across a new
right of way location
to be purchased for a
prospective farm-to-
market road.

Dear Mr. Oualline:

Your request for an opinion is in the following language:

"The Commissioner's Court of Montgomery County
has requested information that goes beyond your
opinion No. WW-961. They are purchasing right-of-
way on which the State of Texas will construct a
farm-to-market road.

"May the Commissioner's Court of Montgomery
County require gas pipe line companies to move or
lower their pipe lines along or across this right-
of-way for the proposed road without paying them
compensation therefor?"

Our holding in Opinion No. WW-961, to which you refer,
is reflected in the "Summary" thereof, which we quote:

"The Commissioners' Court of Sherman County,
Texas, is authorized to require gas pipeline com-
panies, whose lines run along or across public
roads which are to be paved, to move or lower such
pipelines at their own expense and without reim-
bursement from the State."

That opinion pertains to a pipe line which had been
laid in an existing street. Our conclusions were based upon
State v. City of Austin, ____ Tex. ____, 331 S.W.2d 737 (1960),

which in turn is predicated upon Section 1 of Article 1436b, V.C.S. We quote the applicable portions of that statute:

"Section 1. Any person, firm or corporation or incorporated city or town engaged in the business of transporting or disbributing gas for public consumption shall have the power to lay and maintain pipes, mains, conductors and other facilities used for conducting gas through, under, along, across and over all public highways, public roads, public streets and alleys, and public waters within this State; provided that within the corporate limits of an incorporated city or incorporated town such right shall be dependent upon the consent and subject to the direction of its governing body. . . . The public agency having jurisdiction or control of a highway or county road, that is, the Highway Commission or the Commissioners Court, as the case may be, may require any such person, firm or corporation or incorporated city or town at its own expense to relocate its pipes, mains, conductors or other fixtures for conducting gas on a state highway or county road outside the limits of an incorporated city or incorporated town so as to permit the widening or changing of traffic lanes. . . ." (Emphasis Added)

It is thus seen that pipe line companies may lay their pipe lines in existing highways, roads, streets, etc., but, in turn, may be required by the governing authority to relocate them so as to permit the widening or changing of traffic lanes.

A different situation exists in your case. Your letter to the Attorney General dated February 4, 1961, supplementing information in your opinion request, makes it plain that the proposed farm-to-market road is on new location and that the pipe line in question is on private property. This being true, there is no statute or law by which the pipe line company can be required to move or lower its pipe lines. Doubtless this pipe line lies within an easement secured by the company from the owner of the land.

Section 17 of Article I of the Constitution of Texas states:

"No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person."

If by negotiation your Commissioners' Court cannot persuade the company to move this pipe line you will have to pay it therefor. If a price cannot be agreed upon you will have to condemn the easement, of which the pipe line is a part. If the Commissioners' Court cannot agree with the owner of the fee on the value of the land then a condemnation suit should be brought jointly naming both the fee owner and the pipe line company as condemnees.

In answer to your question, therefore, it is our opinion, and we so hold, that the Commissioners' Court of Montgomery County may not require a pipe line company to move or lower its pipe lines from the private premises upon which a future road is contemplated.

### S U M M A R Y

The Commissioners' Court may not require a gas pipe line company to move or lower its pipe lines which are now in, along, or across a new right of way location being acquired for a proposed farm-to-market road.

Yours very truly,

WILL WILSON
Attorney General of Texas

By W. Ray Scruggs
Assistant

WRS:vj

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Jerry Roberts
Riley Eugene Fletcher
Thomas Burros

REVIEWED FOR THE ATTORNEY GENERAL
By: Morgan Nesbitt